# EXPANDED VIOLATION WORKSHEET

1. Defendant: Gil-Camacho, Ernesto    20CR10125 DMS
   aka: Israel David Torres-Pimentel
2. Docket No. (Year-Sequence-Defendant No.): 

3. List Each Violation and Determine the Applicable Grade (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | 8 U.S.C. § 1326(a) and (b) Attempted Entry of Removed Alien | B |
   | Attempted reentry into the United States | C |

4. Most Serious Grade of Violation (*See* USSG § 7B1.1(b))    [ B ]

5. Criminal History Category (*See* USSG § 7B1.4(a))    [ V ]

6. Statutory Maximum Term (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:    [ 24 months ]

7. Range of Imprisonment (*Custody*) (See USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category V establishes an imprisonment range of:
   [ 18-24 months ]

8. Statutory Maximum Term (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:
   [ 36 months ]

9. Recommendation: [ 24 months custody, consecutive to any other sentence being served. *See USSG § 7B1.3(f)*- w/ no supervised release to follow                 ]

By: *[signature]*

Steven Nava
U.S. Probation Officer

Reviewed by:

*[signature]*

Christopher J. Marco
Supervisory U.S. Probation Officer